## CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Commonwealth of Virginia

v.

John W. Spencer

December 4, 1997

BY JUDGE CHARLES M. STONE

This opinion is in response to the defendant's Motion to Dismiss based on constitutional speedy trial grounds. To the extent that the record can be recreated, I have found the following facts from the court's file and from the evidence taken at the hearing on this motion, which was conducted on the 1st day of December, 1997. The following dates apply: July 27, 1982, offense date; July 27, 1982, arrest of the defendant; July 27, 1982, defendant released on unsecured bond; August 2, 1982, counsel hearing; August 30, 1982, District Court trial of four misdemeanors and one felony. Conviction of the defendant on all four misdemeanors and reduction of the felony to a misdemeanor and conviction on that charge also. The file contains no notice of appeal, but apparently the appeals were somehow perfected in this court because on October 1, 1982, David Joyce was appointed as attorney to replace Melinda Penn, who became Assistant Commonwealth's Attorney. November 4, 1982, the cases are set down for trial by jury at the request of the defendant, and trial date is set for February 11, 1983, at 9:30 a.m. January 28, 1983, a discovery motion is filed by the defendant. February 11, 1983, the jury trial is continued due to "heavy snowfall." There is nothing in the file indicating the setting of a new trial date, but new subpoenas were issued by the Clerk's Office for both the Commonwealth and the defense for May 9, 1983. May 9, 1983, the defendant fails to appear for his continued trial, and a capias is issued. October 17, 1983, Attorney Joyce requests attorney's fees and indicates on his request that the defendant failed to appear twice on March 28, 1983, and on May 9, 1983. Orders continuing the cases due to the fugitive status of the defendant are entered on July 11, 1983, November 7, 1983, February

13, 1984, April 24, 1984, July 23, 1984, October 22, 1984, January 28, 1985, April 22, 1985, July 8, 1985, and October 21, 1985. January 27, 1986, the cases are retired from the docket on the plaintiff's motion with leave to reinstate. August 22, 1997, the defendant is arrested on a capias and held without bond. August 25, 1997, defendant is bonded $1,000.00 secured to appear on September 8, 1997. August 25, 1997, letter of representation received by the court from attorney Rickey Young. September 8, 1997, defendant pleads not guilty and requests trial by jury which is set for September 29, 1997. September 8, 1997, the case is continued on defendant's motion to October 30, 1997. October 28, 1997, defendant files a Motion to Dismiss based on speedy trial grounds. October 30, 1997, court agrees to rule on defendant's speedy trial motion after the jury trial if the defendant is convicted and the defendant agrees with this. Commonwealth causes a mistrial by mentioning to the jury in opening statement the defendant's failure to appear in 1983. December 1, 1997, court has a hearing on defendant's speedy trial motion and takes evidence revealing that the defendant made several attempts to keep in touch with his attorney and to find out his new trial date but that his attorney never returned his phone calls nor notified him in any way as to the new trial date. Approximately, six months later, the defendant moved to Ohio and eventually ended up serving prison time in the Ohio Department of Corrections. Sometime around 1990, the defendant was transferred back to Virginia and was placed on parole here in the Commonwealth for an undetermined length of time and eventually moved back to Martinsville where he became an instructor in accounting at National Business College. Neither side to this case called Attorney Joyce or any other witness to either corroborate or refute any of this testimony, and it is completely uncontradicted.

The defense, citing *Barker v. Wingo*, 107 U.S. 514 (1972), and *Doggett v. United States*, 505 U.S. 647 (1992), argues that he has done everything that he should be required to do to facilitate a trial of his appeals and that the Commonwealth has been negligent in not bringing him to trial for a period of over fifteen years. Defendant specifically points out that he was under legal restraint in the Commonwealth as being on parole and probation supervision, and yet the Commonwealth never required him to appear for trial of his appeals.

The Commonwealth counters that it was the defendant who did not appear for his May 9, 1983, trial and that he made absolutely no effort to notify either the prosecution or the court of his whereabouts so as to facilitate a trial of his appeals.

Initially, an analysis of any constitutional speedy trial claim by a trial court must follow a four-step analysis set out in *Barker v. Wingo, supra.* Specifically, in assessing speedy trial claims, a trial court should consider the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* at p. 530. Each case must be examined individually on its own facts to determine the extent of harm to the defendant and whether that harm merits dismissal of the charges against him. Delay in the charges against Defendant Spencer are attributable to both the Commonwealth and the defense. It is clear from the record as reconstituted that the Commonwealth made absolutely no effort to find and/or try the defendant between January 27, 1986, and August 22, 1997, the date he was arrested on the capias. This is a period of more than eleven years and is presumptively prejudicial due to its length. This Court finds the delay between the late winter or early spring of 1983 and January of 1986 should be attributable to the defendant, inasmuch as it is clear from the record that the court and the Commonwealth were prepared to try the defendant's appeals but that the defendant made an insufficient effort, either through his attorney or otherwise, to accomplish this act. Because this court has deemed the eleven-year delay caused by the Commonwealth to be presumptively prejudicial, the court is required to inquire further as to the reason for the delay, the defendant's assertion of his right to a speedy trial, and any prejudice resulting to the defendant.

The record and the evidence at the motion hearing revealed no reasons for the eleven-year delay. In fact, the court heard no evidence other than the defendant's testimony. That testimony is uncontradicted and clearly establishes that the defendant was under legal restraint in Virginia through parole and probation supervision, and yet the Commonwealth took no action to require the defendant to be tried on his misdemeanor appeals. This negligence of the Commonwealth weighs heavily against it.

The record and the evidence further established that the defendant made virtually no assertion of his speedy trial rights during this eleven-year period. There was nothing to prevent him from notifying his parole officer, his probation officer, the Commonwealth's Attorney, or the court of his request to be tried on his misdemeanor appeals. This fact weighs heavily against the defendant.

The last factor to be analyzed under the speedy trial analysis is prejudice to the defendant. Again, the testimony of the defendant is uncontradicted and establishes that one witness whom he had subpoenaed for his trials in 1983 is now deceased and that this witness, who was a co-defendant of Mr. Spencer, would have testified that Mr. Spencer was not

involved in the thefts alleged. Additionally, defendant now claims that an additional co-defendant witness, one Nathaniel Stone, whom he wishes to call as a defense witness at this time, is unavailable, being in the State of Ohio, and now is not creditable because of his drug addiction. The unavailability of the first witness establishes great prejudice to the defendant in his ability to present a defense and thus to receive a fair trial. The second carries little weight with this court because he was not subpoenaed in 1983, and the defendant's own testimony established that he was a drug addict even in 1983. This court finds that the defendant has established substantial prejudice because of the delay in bringing his appeals to trial.

The presumption that pre-trial delay prejudices a defendant intensifies as the time gets longer. Indeed, the importance of the presumptive prejudice increases with the length of the delay. *Doggett v. U.S., supra,* at p. 656. *Doggett* stands for the proposition that when the government's negligence in causing trial delay is sufficient enough to trigger the presumption of prejudice, albeit unspecified, and is not persuasively rebutted by the government, then the defendant is entitled to relief even if he can show no actual prejudice. Mr. Spencer's case in many ways is not unlike the case in *Doggett.* In *Doggett,* the defendant was unaware of an indictment against him for a period of over eight years, and although the government could have easily run a simple credit check and determined within minutes where Doggett lived and worked, it did not.

In this case, the government, through its parole and/or probation officers, could have easily run a simple record check and determined that Defendant Spencer was wanted in the City of Martinsville, but it did not. In this case, Spencer claims he did not know that the government still wanted to try him, which claim seems a little far fetched, but since it is unrebutted and totally unimpeached, his claim is similar to that of *Doggett.* The bottom line is probably that since the charges were simply misdemeanors, the Commonwealth did not want to expend too much effort in tracking down Mr. Spencer and trying him. As Justice Souter stated in *Doggett*: "The Government, indeed, can hardly complain too loudly, for persistent neglect in concluding a criminal prosecution indicates an uncommonly feeble interest in bring an accused to justice; the more weight the Government attaches to securing a conviction, the harder it will try to get it." It is clear in this case that the Government did not try too hard to get a conviction, nor did it try too hard to repudiate the claims of Defendant Spencer at the motion hearing. For these reasons, this court must accept the defendant's assertions as fact.

Because of the negligent delay caused by the Commonwealth, the defendant has now suffered prejudice in his right to a fair trial by restricting his defense and thus, his constitutional right to a speedy trial has been violated; therefore, it is ordered that defendant's motions to dismiss are hereby granted.